IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN
AND FOR PASCO COUNTY, FLORIDA

**ERIC BROOKS, individually,**

    **Plaintiff,**

v.

**CALIBER HOME LOANS, INC.,**

    **Defendant.**

_____/

Case No.:

## COMPLAINT

Plaintiff, Eric Brooks ("Plaintiff" or "Brooks"), by and through his undersigned counsel, hereby files this Complaint against Defendant, Caliber Home Loans, Inc., and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities, and alleges as follows:

### JURISDICTION

1. This is an action for damages exceeding $15,000.00 brought by Erik Brooks against Caliber Home Loans, Inc., for repeated violations of the Florida Consumer Practices Act, Fla. Stat. § 559.72, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* ("TCPA").

2. Jurisdiction and venue for purposes of this action are proper in Pasco County, Florida, and are conferred by Fla. Stat. by § 559.77, 15 U.S.C. § 1692(d), and 47 U.S.C. § 227(b)(3).

3. This Court has personal jurisdiction over Defendant because it has submitted to Florida jurisdiction by registering with the Secretary of State to do business in the state of Florida, and a substantial part of the wrongful acts alleged in this Complaint were committed in Pasco County, Florida.

## PARTIES

4. Plaintiff, Eric Brooks, is a natural person who resides in Pasco County, Florida. He is a "consumer" or a "person" affected by a violation of the FDCPA and FCCPA as those terms are defined by 15 U.S.C. §§ 1692a(3) and 1692k, and 47 U.S.C. § 153(39).

5. At all times material hereto, Plaintiff is a "debtor" as defined by Fla. Stat. 559.55(8). Plaintiff has been the object of collection activity.

6. Defendant, Caliber Home Loans, Inc. ("Defendant" or "Caliber"), is a Delaware corporation with its principal place of business in Irving, Texas. Defendant is registered to do and is doing business in Florida and throughout the United States.

7. Defendant is a "debt collector" as that term is defined under 15 U.S.C. 1692(a)(6) and Fla. Stat. § 559.55(7).

8. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

## FACTUAL ALLEGATIONS

9. On or about March 30, 2007, Plaintiff, Eric Brooks, purchased real property located at 5310 Bay Club Circle, Tampa, Florida 33607 (the "Property").

10. Brooks financed the purchase of the Property through a mortgage from Bank of America, N.A. ("Mortgage Account").

11. The alleged Debt was a financial obligation that was primarily for personal, family or household purposes and is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

12. Upon information and belief, on or around April 8, 2013, the Debt was assigned, placed or otherwise transferred to Caliber for collection.

13. On or about July 29, 2009, Defendant filed a foreclosure action against Brooks

styled *Bank of America, N.A. v. Eric Brooks, et al.*, Case No. 2009-CA-19427 (Thirteenth Judicial Circuit, Hillsborough County, Florida) (the "Debt Collection Action").

14. Shortly thereafter Brooks retained legal counsel, Andrew Lyons, Esq. to represent him with respect to the Debt and defend the Debt Collection Action and debt collection.

15. On or about October 24, 2012, Andrew Lyons, Esq., filed his notice of appearance as counsel on behalf of Brooks with the relevant Court and Caliber's legal counsel.

16. On or about July 23, 2014, Andrew Lyons, Esq., further communicated with Caliber's legal counsel with respect to the Debt, further providing actual knowledge of Brooks' legal representation with respect to the Debt.

17. Brooks has been continuously represented by legal counsel with respect to the Debt from at least October 24, 2012, and Defendant, its predecessors, representatives, agents, employees, and assignees, were informed of the fact that Brooks was represented by legal counsel during this period.

18. In or about August 2015, Caliber took over servicing responsibility for the Debt.

19. As part of the servicing transfer of the debt, the prior servicer advised Caliber of the Debt Collection Action; that Plaintiff was represented by legal counsel with respect to the debt from at least October 24, 2012; provided legal counsel's contact information; and provided all servicing files which included Plaintiff's request that all communications with respect to the debt be forwarded to legal counsel.

20. On or about September 22, 2015, Caliber sent correspondence further correspondence acknowledging Brooks' representation by legal counsel with respect to the Debt. A true and correct copy of the correspondence is attached hereto as **Exhibit "A."**

21. Notwithstanding Brooks' verbal and written notifications regarding legal

representation with respect to the Debt, Caliber continued to contact Brooks directly via mail, his cellular telephone, and at his work in an attempt to collect the alleged Debt.

22. On or about October 15, 2015, Brooks entered into a Settlement Stipulation for Consent Judgment with Caliber. The Final Judgment was *in rem* only in regards to Brooks' obligation towards the Debt. Caliber agreed to waive any deficiency judgment against Brooks in the Debt Collection Action. Further, the Final Judgment ordered that the final judgment collect interest at the "prevailing legal rate of interest."

23. Notwithstanding Caliber having waived any claim to the Debt, on or about October 28, 2015; November 18, 2015; and December 18, 2015; Caliber sent correspondence by mail to Brooks in an attempt to induce Brooks to contact Caliber to pay or settle the Debt. The correspondence further sought interest at 7 per cent.

24. By charging or threatening to charge additional interest upon a waived debt, Caliber was claiming, attempting or threatening to assert the existence of a legal right, when Caliber had knowledge that such right and such Debt did not exist.

25. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

26. Brooks is the account holder of a Verizon cellular telephone number 727-408-0150 and, pursuant to the terms of the contract, is charged for each call within the meaning of 47 U.S.C.§ 227(b)(1)(A)(iii).

27. From calendar years 2013 through 2016, Caliber made multiple phone calls to Brooks' cellular telephone in an attempt to collect the Debt.

28. Without Brooks' prior express consent, Caliber repeatedly and willfully placed calls to Brooks' personal cellular telephone number in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(5)

29. Each telephone call Caliber made to Brooks' telephone was made using an "automatic telephone dialing systems" ("ATDS") and/or artificial or prerecorded voice, as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

30. Many of these calls to Brooks contained a pre-recorded and/or synthesized message in violation of the TCPA because they were sent to Brooks without their prior express consent.

31. Caliber's repeated autodialed collection calls to Brooks' cellular telephone, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

32. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls, whether they pay in advance or after the minutes are used. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003).

33. Caliber's repeated autodialed collection calls to Brooks' cellular telephone, within

the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692b(6), 1692f, and 1692f(1), amongst others.

34. Caliber's calls to Brooks on his cellular telephone were made for purposes of collecting a debt associated with his Mortgage Account.

35. Caliber did not obtain prior express consent to call Brooks on his cellular telephone for purposes of attempting to collect debt associated with the Mortgage Account. Alternatively, any prior express consent obtained was revoked by: (1) Brooks' affirmative withdraw of consent to be contacted by phone; and (2) by Brooks' and his attorney's affirmative act of providing the name and contact information for legal counsel.

36. Caliber is responsible for making the above-described ATDS-generated and/or automated or prerecorded calls.

## DAMAGES

37. Brooks has sustained damages as defined by Fla. Stat. § 559.77, 15 U.S.C. § 1692k(a) and 47 U.S.C. § 227(b)(3).

38. Caliber has acted maliciously by engaging in a course of conduct intended to harass Brooks.

39. Caliber is subject to and has violated the provisions of the FCCPA, FDCPA, and TCPA by willfully communicating with Brooks with such frequency as can reasonably be expected to harass or abuse Brooks —despite Brooks' representation by legal counsel, by continuously contacting Brooks by telephone and mail.

40. Brooks has been damaged by these illegal calls because his privacy was

improperly invaded, minutes were used from his cellular telephone plan, and he was forced to spend time tending to the unwanted calls.

41. Caliber's persistent autodialed calls eliminated Brooks' right to be left alone.

42. These persistent autodialed collection calls eliminated the peace and solitude that Brooks would have otherwise had.

43. As a direct and proximate result of the conduct and acts of Caliber mentioned above, Brooks' excellent credit rating has been impaired and Brooks has suffered emotional distress, disrupted sleep, stress, anxiety, anger, embarrassment, humiliation and shame, all to Plaintiff's damage.

44. Brooks has incurred reasonable attorneys' fees in pursuit of this enforcement action, and will seek recovery of same against Caliber, and as allowed under Fla. Stat. § 559.77(2) and 15 U.S.C. § 1692k(a).

45. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of up to $500 in damages for each violation and $1,500 for each willful violation by Defendant.

46. All conditions precedent to the filing of this action have occurred or have been waived by Defendant.

### COUNT I
### VIOLATION OF THE FLORIDA CONSUMER PRACTICES ACT, FLA. STAT. §§ 559.72 ET SEQ.

47. Plaintiff incorporates by reference all the facts and allegations contained in the preceding paragraphs 1-47 as if fully set forth herein.

48. Defendant is subject to, and has violated provisions of Fla. Stat. § 559.72(18) by intentionally and repeatedly communicating with Plaintiff after being given actual notice that Plaintiff was represented by legal counsel with regard to the underlying Debt and Defendant had

knowledge of, or could readily ascertain, the attorney's name and address.

49. Despite having knowledge of legal representation, Defendant sent multiple communications and placed multiple phone calls to Plaintiff's cellular telephone in its attempt to collect the Debt.

50. Defendant is subject to, and has violated provisions of Fla. Stat. § 559.72(9) by (i) attempting to collect upon a Debt when the Debt is not legitimate and Defendant knows such right does not exist since the parties entered into a settlement agreement and final judgment which specifically references that the judgment waived any deficiency and (ii) seeking an interest rate that is contrary to the court ordered Final Judgment.

51. Defendant is subject to, and has violated provisions of Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass, and by willfully engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff, by continuing to contact Plaintiff repeatedly in an attempt to collect upon the Debt despite representation by legal counsel and a waiver of the Debt.

52. As a direct and proximate cause of Defendant's actions, Plaintiff has sustained damages as defined by Fla. Stat. § 559.77.

**WHEREFORE,** Plaintiff demands a trial by jury and request judgment:

    a. Enjoining Defendant from any and all further illegal collection practices;

    b. Statutory damages of $1,000, plus actual damages;

    c. For punitive damages;

    d. For attorneys' fees; and

    e. For such other and further relief as the court deems appropriate.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

53. Plaintiff incorporates by reference all the facts and allegations contained in the preceding paragraphs 1-49 as if fully set forth herein.

54. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692b(6), 1692f, and 1692f(1), amongst others.

55. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE,** Plaintiff demands a trial by jury and request judgment:

a. Enjoining Defendant from any and all further illegal collection practices;

b. Statutory damages of $1,000, plus actual damages;

c. For punitive damages;

d. For attorneys' fees; and

e. For such other and further relief as the court deems appropriate.

## COUNT III
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.

56. Plaintiff incorporates by reference all the facts and allegations contained in the preceding paragraphs 1-49 as if fully set forth herein.

57. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff using an ATDS and/or artificial or

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

53. Plaintiff incorporates by reference all the facts and allegations contained in the preceding paragraphs 1-49 as if fully set forth herein.

54. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692b(6), 1692f, and 1692f(1), amongst others.

55. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE,** Plaintiff demands a trial by jury and request judgment:

a. Enjoining Defendant from any and all further illegal collection practices;

b. Statutory damages of $1,000, plus actual damages;

c. For punitive damages;

d. For attorneys' fees; and

e. For such other and further relief as the court deems appropriate.

## COUNT III
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.

56. Plaintiff incorporates by reference all the facts and allegations contained in the preceding paragraphs 1-49 as if fully set forth herein.

57. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff using an ATDS and/or artificial or

prerecorded voice.

58. As a result of the Defendant's violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff is entitled to an award of $500 in statutory damages for each and every call to his cellular telephone numbers using and ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

**WHEREFORE,** Plaintiff demands trial by jury and request judgment:

a.  Enjoining Defendant from any and all further calls to the Plaintiff's cellular telephone using an automatic telephone dialing system

b.  Statutory damages of $500 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiff;

c.  For attorneys' fees and costs; and

d.  For such other and further relief as the court deems appropriate.

**COUNT IV**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)**

60. Plaintiff incorporates by reference all the facts and allegations contained in the preceding paragraphs 1-49 as if fully set forth herein.

61. The foregoing acts and omissions of the constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff using an ATDS and/or artificial or prerecorded voice.

62. As a result of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff is entitled to treble damages of up to $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

63. Plaintiff is also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded in the future.

64. Plaintiff is also entitled to an award of attorneys' fees and costs.

**WHEREFORE,** Plaintiff demands trial by jury and request judgment:

a. Enjoining Caliber Home Loans, Inc. from any and all further calls to the Plaintiff's cellular telephone using an automatic telephone dialing system

b. Treble damages of $1,500 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiff;

c. For attorneys' fees and costs; and

d. For such other and further relief as the court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

THE LYONS LAW GROUP, PA

_/s/_
Andrew M. Lyons, Esq.
Florida Bar No.: 0011288
Rebbecca A. Goodall, Esq.
Florida Bar No.: 0115344
4103 Little Road
New Port Richey, FL  34655
(727) 375-8900
(727) 375-2334 (fax)
Email Service: pleadings@lyonslawgroup.com
Attorneys for Plaintiff,
Eric Brooks

Brooks v. Caliber Home Loans, Inc.



**CALIBER HOME LOANS**

P.O. Box 24610
Oklahoma City, OK 73124-0610

September 22, 2015

ERIC W BROOKS
c/o ANDREW M LYONS, ESQ
4103 LITTLE ROAD
NEW PORT RICHEY, FL 34655

Caliber Account Number: 9804073634

Dear Counsel:

Caliber Home Loans, Inc. ("Caliber") is writing to acknowledge receipt of verbal or written communication informing Caliber that you are representing the borrower(s) in connection with the above-referenced account.

<u>In accordance with the Federal Fair Debt Collection Practices Act, please be advised that you will receive all collections and account correspondence regarding the above-referenced account.</u>

Please be aware that you will continue to receive all collections and account correspondence regarding the above-referenced account until you or the borrower(s) notify Caliber Home Loans, Inc. that you are no longer representing the borrower(s). If you are not representing the borrower(s) in connection with the above-referenced account, please contact Caliber's Account Resolution Department at 1-800-621-1437 so that the account may be updated appropriately. Representatives are available Monday through Thursday 8:00 a.m. to 9:00 p.m., Friday 8:00 a.m. to 7:00 p.m., and Saturday 8:00 a.m. to 4:00 p.m., Central Time.

Sincerely,

Account Resolution Department
Caliber Home Loans, Inc.

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

# EXHIBIT A

3:27                                                                                                  20150518rev