# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ERIC BROOKS,**

     **Plaintiff,**

**v.**                                         **Case No. 8:17-cv-1247-T-27AEP**

**CALIBER HOME LOANS, INC.,**

     **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** are Defendant Caliber's Motion to Strike Plaintiff's Jury Trial Demand and Unauthorized Requests for Relief (Dkt. 7) and Plaintiff's response in opposition (Dkt. 8). Upon consideration, the motion is **GRANTED** *in part* and **DENIED** *in part*.

Plaintiff filed a four-count complaint against Defendant for violations of the Florida Consumer Collection Practices Act (Count I), the Fair Debt Collection Practices Act (Count II), and the Telephone Consumer Protection Act (Counts III & IV). (Complaint, Dkt. 2). He demanded a jury trial. (*Id.*). Defendant contends that the jury trial demand should be stricken because the claims are based on a mortgage and note which include a jury trial waiver for any claims "arising out of or in any way related to" the mortgage or note.[1] (Motion to Strike, Dkt. 7 at p. 2) (citing Security Instrument, Dkt. 7-1 at ¶ 25). Plaintiff argues that the jury trial waiver does not apply because his claims result from Defendant's alleged violations of consumer protection laws, not from the

---

[1] The jury trial waiver provision in the Security Instrument states, in full:

> **Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

(Dkt. 7-1, at ¶ 25).

performance of contractual duties created by the mortgage and note. (Response, Dkt. 8 at p. 3).

Defendant also argues that Plaintiff's demands for injunctive relief and punitive damages under the FDCPA and demand for attorneys' fees under the TCPA should be stricken because such relief is not authorized by the statutes. (Motion to Strike, Dkt. 7 at p. 9) (citing 15 U.S.C. § 1692k(a); 47 U.S.C. § 227(b)(3)). Plaintiff contends that those demands under the FDCPA should not be stricken because they are not expressly prohibited by the statute. (Response, Dkt. 8 at pp. 10-12). Plaintiff does not oppose Defendant's motion to strike his demand for attorneys' fees under the TCPA. *See generally* (*id.*); *see also* (Motion to Strike, Dkt. 7 at p. 11) (Defendant's Local Rule 3.01(g) Certification states "Plaintiff's counsel has advised that she is in agreement solely as to the striking of the demand for attorneys' fees under the TCPA.").

When a jury trial has been demanded, the trial "must be by jury unless: . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury." FED. R. CIV. P. 39(a)(2). The Eleventh Circuit has explained that "[t]he right to trial by jury is fundamental, and this Court 'indulge[s] every reasonable presumption against waiver.' " *Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1403 (11th Cir. 2009) (quoting *LaMarca v. Turner*, 995 F.2d 1526, 1544 (11th Cir. 1993)).

In light of every reasonable presumption against waiver, Plaintiff's claims do not arise out of or relate to the mortgage or note. Although not in the context of a jury trial waiver, the Eleventh Circuit has held "[a] claim 'relates to' a contract when 'the dispute occurs as a fairly direct result of performance of contractual duties.' " *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340-41 (11th Cir. 2012) (quoting *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001)). "[T]hat a dispute could not have arisen but for an agreement does not mean that

the dispute necessarily 'relates to' that agreement." *Id.* at 1341 (quoting *International Underwriters AG v. Triple I: Int'l Invs., Inc.*, 533 F.3d 1342, 1347 (11th Cir. 2008)). Rather, "[t]he phrase ' "related to" marks a boundary by indicating some direct relationship,' " and does not " 'extend to the furthest stretch of its indeterminancy.' " *Id.* (quoting *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1218-19 (11th Cir. 2011)). Plaintiff's claims, which he bases on Defendant's alleged efforts to contact him via mail, on his cellular telephone, and at his work in violation of consumer protection laws, are not a direct result of the performance of a contractual duty. Nor do they arise out of the mortgage or note. Therefore, the jury waiver does not apply to his claims.

Further, Plaintiff has alleged in the Complaint that Defendant committed violations of the FCCPA and FDCPA after he entered into a Settlement Stipulation for Consent Judgment with Defendant that was *in rem* only. (Complaint, Dkt. 2 at ¶¶ 22-23). According to Plaintiff, the consent judgment effectuated a waiver of any deficiency judgment against him. (*Id.*); *see also* (Response, Dkt. 8 at p. 8) ("[T]he Consent to Final Judgment and waiver of any deficiency terminated [Plaintiff's] responsibility for the debt and the contractual relationship of the parties."). Plaintiff analogizes the consent judgment to a bankruptcy discharge that leaves a mortgage enforceable against a property, but bars the creditor from enforcing the terms of the mortgage against the debtor. *See In re Sure-Snap Corp.*, 983 F.2d 1015, 1018 (11th Cir. 1993) (holding that a discharge does not terminate a contractual obligation, but rather disables the creditor from enforcing the obligation). That analogy is well taken. Although the consent judgment did not invalidate the mortgage, Plaintiff alleges that it rendered unenforceable his financial obligation on the note secured by the mortgage. Defendant's alleged violations of consumer protection laws following entry of the consent judgment were not the result of the contractual obligations imposed by the mortgage and note.

Defendant, however, has presented grounds for striking certain demands for relief in Plaintiff's FDCPA and TCPA claims. *See* FED. R. CIV. P. 12(f). The civil liability section of the FDCPA does not provide for equitable relief. *See* 15 U.S.C. § 1692k; *see also Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982) (noting that "equitable relief is not available to an individual under the civil liability section of the Act"); *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000) ("[C]ourts uniformly hold that the FDCPA does not authorize equitable relief.").

The FDCPA provides for actual damages, costs, a reasonable attorney's fee, and "such additional damages as the court may allow, but not exceeding $1,000," in an action by an individual plaintiff. 15 U.S.C. § 1692k(a). Judges of this district have consistently interpreted the FDCPA's "additional damages" provision as precluding an award of punitive damages separate from or exceeding $1,000. *See, e.g., Zaghloul v. Fair Debt Collections & Outsourcing*, No. 8:09-cv-128-T-27MAP, 2010 WL 1730789, at *4 n.6 (M.D. Fla. Mar. 19, 2010), *adopted by* 2010 WL 1727459, at *1 (M.D. Fla. Apr. 27, 2010); *Lee v. Security Check, LLC*, No. 3:09-cv-421-J-12TEM, 2009 WL 2044687, at *2 (M.D. Fla. July 10, 2009). Plaintiff's bare statement that there is no evidence that Congress intended to prohibit punitive damages awards under the FDCPA is unpersuasive. (Response, Dkt. 8 at p. 11). He fails to cite any legislative history or case law suggesting that the FDCPA's additional damages language does not actually have the effect of barring a damages award, however labeled, in excess of $1,000. *See* (*id.*).

The TCPA does not provide for an attorneys' fee award in a private action. *See* 47 U.S.C. § 227(b)(3). As noted, Plaintiff does not oppose Defendant's motion to strike his claim for attorneys' fees under the TCPA. (Motion to Strike, Dkt. 7 at p. 11); *see generally* (Response, Dkt. 8).

4

For the reasons stated, Defendant's Motion to Strike Plaintiff's Jury Trial Demand and Unauthorized Requests for Relief (Dkt. 7) is **GRANTED *in part*** and **DENIED *in part***. Plaintiff's demands for injunctive relief and punitive damages in his FDCPA claim, (Complaint, Dkt. 2 at Count II), are **STRICKEN**. Plaintiff's demands for attorneys' fees in his TCPA claims, (*id.* at Counts III and IV), are **STRICKEN**. Defendant's request that Plaintiff's demand for jury trial be stricken is **DENIED**.

**DONE AND ORDERED** this ___22nd___ day of August, 2017.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of record